[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an administrative appeal from the action of the respondent Town of Stonington Planning and Zoning Commission's action in approving an amendment to its sub-division regulations. This amendment provided, inter alia, that the previous exemption of tracts less than 5 acres from the open space dedication requirement in the existing sub-division regulations be omitted, and that provisions for waiver of the open space dedication requirement be added to the existing subdivision regulations. Plaintiffs make no claim as to the invalidity of the previously existing requirement in the subdivision regulations (except for applications concerning property of less than 5 acres) that property for which a subdivision application is filed must dedicate 15 percent of said property to open space uses. Of course, in the context of this case, the plaintiffs can make no other claim, but it is important to note, for aggrievement purposes, that the plaintiff's claim is limited as described above.
While traditionally the court must deal with aggrievement as a jurisdictional issue, the plaintiffs raise the issue of the Stonington Planning and Zoning Commission's establishment, and claims that the entire Commission is without authority to act in any matter. Because it is conceivable that this claim can also affect the jurisdiction of the court, it will be dealt with first.
Plaintiff's claim basically boils down to the position that Connecticut General Statutes section 8-19
requires the "Chief Executive Officer of the Municipality" to be a member of the Commission without voting privilege. Plaintiff concedes that the town's action creating the Planning and Zoning Commission tracked that portion of the Connecticut General Statutes which provide that a planning commission shall consist of five members who shall be electors of such municipality holding no salaried municipal office, but failed to add the chief executive officer, in this case the first selectman, as a member without voting privileges. Plaintiff claims that that failure deprives the Commission of any authority to act on any matter and therefore claims that the amendment to the regulations involved in this case is void.
The defendant claims that Connecticut General Statutes section 7-12a operates to make the first selectman an ex officio member, without vote, of all town boards, commissions and committees, and that the failure of the CT Page 1670 municipal ordinance establishing the Planning and Zoning Commission is of no significance whatsoever.
The Court has no evidence before it from which it can conclude that the first selectman is not presently acting as a member of the Commission without vote. The Court finds that the distinction between an ex officio member without a vote and a member without voting privileges is a distinction without a difference. The plaintiff's claim that the Commission is without authority to act because its enabling ordinance failed to provide specifically that the chief executive officer of the municipality be a member without vote is without merit, since the operation of section 7-12a fills any gap in the enabling ordinance.
It is noted that the parties stipulated that the Town of Stonington has (or at least had at the time of this appeal) neither a town engineer nor a commissioner of public works, and that the town has no charter, so that any other issues involving the operation of the enabling ordinances failure to further track section 8-19 is not relevant to this case.
Although not briefed by either party, the Commission, even if it were to be found to be defectively established de jure, is probably able to act de facto, so that the challenged amendment would not be invalid on this ground, in any event.
Having resolved what may have been a threshold issue as to the validity of the composition of the entire Commission, the Court must now turn to the question of the aggrievement of the plaintiffs. Both counsel are commended for the quality of their briefs in this case, and it would serve no purpose to repeat the complete discussion and excellent exposition of the law of aggrievement set forth in the briefs of the parties. The plaintiffs offered testimony from two of the individual plaintiffs, and from a member of the plaintiff Stonington Land Owners Association. With respect to the testimony of the Stonington Land Owners Association member, it is found that the unincorporated association has no "specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest such as is the concern of all members of the community as a whole." Therefore, with respect to the plaintiff Stonington Land Owners Association and all plaintiffs except Mr. Davis and Mr. Rustici, the plaintiffs have failed to prove aggrievement.
With respect to the testimony of Mr. Davis, the Court finds that Mr. Davis is the owner of 400 acres of land CT Page 1671 in the Town of Stonington, and since that land has been in Mr. Davis's family since long before zoning (specifically, since 1654 on the maternal side and since 1772 on the paternal side), Mr. Davis is entitled to a "free cut" which could produce a 5 acre parcel. Assuming compliance with zoning regulations before the challenged amendment, the 5 acre parcel could then be subdivided and would be impacted differently by the challenged amendment to the regulations, since said amendment removed the exemption from the open space dedication requirement for properties of 5 acres or less. Mr. Davis testified that there is road frontage in the area of his property which is zoned for half acre lots. However, testimony elicited on cross-examination shows that Mr. Davis had already sold off a small piece of property some years ago (but after subdivision regulations were in effect in town). Thereafter, the Court finds that he is no longer entitled to a "free cut" and that his property is affected by the amendment to the subdivision regulations in no "special or injurious" manner. Therefore, Mr. Davis is not aggrieved for the purposes of this appeal which, as noted above, is from the Commission action in the existing subdivision regulation.
Finally, the testimony of Joseph Rustici was offered by the plaintiffs. Mr. Rustici is an individual plaintiff and owns land on Elm Ridge Road (both sides) which is not impacted in any special and injurious manner by the Commission action being appealed from, since that property has already been partially subdivided. Mr. Rustici, however, testified that he owns (with his brother) a parcel of some 20 acres on North Anguilla Road in the Town of Stonington on which land he would be entitled to a "free cut." Thus he could divide out a 5 acre piece of property for which he could have applied for subdivision before the challenged amendment without being subject to the open space dedication provisions (pursuant to the exemption which was eliminated by the challenged amendment). The problem with that theory is that Mr. Rustici testified, and the Court finds, that that property is in a 3 acre zone so that, for purposes of a subdivision of a piece of property 5 acres or less, Mr. Rustici would require a variance to successfully prosecute a subdivision application. Therefore, Mr. Rustici's aggrievement is tenuous, but since the parties and the Court have spent considerable time wrestling with the other issues in the case, and since this particular approach to aggrievement is sufficiently novel so that this Court is unsure of exactly how an appellate tribunal (see, Huck v. Inland Wetlands Watercourses Agency, 203 Conn. 525, at 531) would view a decision against Mr. Rustici's aggrievement, the Court finds that Mr. Rustici is aggrieved. Frankly, the Court is going to resolve the remaining issues against the plaintiffs, and would not be at all surprised, if CT Page 1672 plaintiffs did appeal, to see a cross appeal on the issue of aggrievement from the defendant Commission, but the Court will proceed to resolve the remaining issues in the case based on Mr. Rustici's aggrievement, tenuous as it may be.
The next issue raised by the plaintiffs is that the amendment to the regulation constitutes an unconstitutional taking of land without just compensation. The request to a court to find a regulation unconstitutional puts upon the plaintiff a considerable burden indeed. Plaintiffs' brief correctly points out that in spite of the holding in Aunt Hack Ridge Estates, Inc. v. Planning Commission of the City of Danbury, 160 Conn. 109 (1970), that the challenged open space dedication provision in that case was valid, the case nonetheless stands for the proposition that similar provisions must meet the same analyses as used by the court in that case. Nonetheless, this case involves an appeal from an amendment to a subdivision regulation which amendment is modest in scope. The Court is unable to find that the confiscation issue is appropriately before it, absent any testimony that the challenged amendment to the subdivision regulations has impacted on any of the plaintiffs' land in such fashion as to even remotely approach a "taking."
Similarly, the claim in the plaintiffs' brief that the subdivision regulation is not a reasonable exercise of the police power and not rationally related to the objectives it seeks to accomplish is not at all clear to the Court in the context of this appeal from this amendment to the subdivision regulations. The defendant Commission, after all, is acting in its legislative capacity when it enacts an amendment to a subdivision regulation, and enjoys considerable discretion as it exercises that legislative function. There is ample support in the record for the premise of the Commission that the need for open space is directly proportional to subdivision activity on particular parcels of land. The plaintiffs' attempts to challenge the constitutionality of the amendment to the subdivision regulations, on the record before this Court, cannot succeed.
The plaintiffs next, and strongest, claim is that the subdivision regulation amendment providing for waiver of its open space dedication provisions by the Commission are unconstitutionally vague and void on their face. At first blush, it does seem somewhat broad that the Commission need only to determine that a waiver is "appropriate" to grant a waiver. However, the defendant Commission maintains that it will only be exercising that discretion in conjunction with section A1 of Chapter 8 (the open space portion) of the subdivision regulations and that before a waiver can be found CT Page 1673 to be appropriate, the Commission would have to find that the required open space is not necessary for either recreational opportunities, wildlife habitat or corridors, and preservation of fragile environments. That position certainly implicates a possible reading of the waiver provisions of the amendment to the subdivision regulation. It is sufficient to withstand a challenge that the waiver provisions are facially invalid. This case is of course an appeal from a commission action and not a suit for a declaratory judgment, and the Court on the record before it can and should go no farther with respect to this issue.
Finally, the plaintiffs' claim that the amendment to the subdivision regulation now results in unequal application to similarly situated parcels of land in that the amendment provides an exemption for the resubdivision of parcels that have previously been subjected to the 15 percent open space dedication requirements in the earlier subdivision application of the larger parcel. The Court finds nothing arbitrary or unreasonable, or indeed unequal, in that provision. Simply stated, the plaintiff claims that a 100 acre parcel that has previously been subdivided from a larger parcel will not be subjected to the 15 percent open space dedication requirement while a similarly situated 100 acre parcel which has never been divided out of a parcel subject to the open space dedication requirement will be treated differently. However, if each of those 100 acre parcels had come from 200 acre parcels, and the first parcel had already dedicated 30 acres of open space (15 percent of 200), while the second parcel (having previously been divided before any open space dedication requirement) provided no open space, it seems to this Court eminently fair that the parcel from which 30 acres has already been dedicated as open space now be exempt from any further open space dedication, while the parcel which has produced no open space dedication in previous subdivisions be subjected for the first time to a requirement for open space dedication.
For the foregoing reasons the appeal is dismissed.
KOLETSKY, J.